FILED
02 JAN 28 PM 2:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS REEVES, et al., | } |
|     Plaintiffs, | } |
| v. | } CIVIL ACTION NO. |
| BAYER CORPORATION, | } CV-01-AR-3378-S |
|     Defendant. | } |

ENTERED
JAN 28 2002

### MEMORANDUM OPINION

    The court has before it a motion by the four plaintiffs in the above-entitled cause to remand the case to the Circuit Court of Jefferson County, Alabama, from which it was removed by defendant, Bayer Corporation ("Bayer"), pursuant to 28 U.S.C. §1332, on the basis of diversity of citizenship. Before the motion to remand was filed, the court perfunctorily and without a hearing granted Bayer's motion to stay the proceeding pending Bayer's requested transfer of the case to the Multidistrict Litigation Court ("MDL") in the District of Minnesota, to which a large number of similar suits against Bayer have already been transferred, including a case originally assigned the undersigned judge, i.e., *Broom v. Bayer Corporation*, CV-01-AR-2728-S. In *Broom* there was no motion to remand, and that case is distinguishable from the instant case in other jurisdictional respects.

    The first inquiry that must be conducted, *sua sponte* if necessary, especially by federal courts, which are courts of limited jurisdiction, is whether or not there is any non-waivable jurisdictional defect. In this case, it is facially obvious that each plaintiff intended to limit his claim to a sum less than the amount in controversy necessary to



provide federal jurisdiction under 28 U.S.C. §1332. Defendant, of course, has the considerable burden of proving that the amount in controversy exceeds $75,000. If this court shared Bayer's expressed belief that the amount of each plaintiff's claim exceeds $75,000, this court would defer to the MDL judge in Minnesota and would let him pass on plaintiffs' motion to remand. The Minnesota judge knows the Supreme Court's jurisprudence as well as, or better than, this court knows it, but he may or may not be reliably conversant with the combination of this court's and the Eleventh Circuit's jurisprudence that leads this court inexorably to an order of remand in this case. Particularly, the court points the parties to the following sequence of cases:

>   *Bailey v. Wal-Mart Stores, Inc.*
>   981 F. Supp. 1415 (N.D. Ala. 1997)
>
>   *Johansen v. Combustion Engineering, Inc.*
>   179 F. 3d 1332 (11th Cir. 1999)
>
>   *Cooper Industries, Inc. v. Leatherman Tool Company, Inc.*
>   532 U.S. 424, 121 S.Ct. 1678 (2000)
>
>   *Arnold v. Guideone Speciality Mutual Ins. Co.*,
>   142 F. Supp. 2d, 1319 (N.D. Ala. 2001)
>
>   *Williams v. Best Buy Company, Inc.*
>   269 F. 3d 1316 (11th Cir. 2001)
>
>   *Leonard v. Enterprise Rent-A-Car*
>   ____ F. 3d ____, 2002 WL 69170
>   (11th Cir. Jan. 18, 2002)

Not only because this court is fully satisfied that plaintiffs never intended to seek any more than $74,999 each, and agree not to accept any more than $74,999, but because each plaintiff's claim, realistically considered on its merits, with or without plaintiffs' concessions, cannot support a verdict in excess of the required amount for removal

jurisdiction under 28 U.S.C. §1332, plaintiffs' motion to remand will be granted by separate order.

DONE this 28th day of January, 2002.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE